UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LOUIS BLANK,<br><br>   Plaintiff,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>   Defendants. | Case No. 24-cv-07500-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate housed at Richard J. Donovan Facility, has filed this *pro se* action. His complaint (ECF No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

**B.     Complaint (ECF No. 1)**

Plaintiff commenced this action by filing a document titled, "Original Writ of Preemptory Mandate . . . Pursuant to 5 U.S.C. § 702, 28 U.S.C. § 1331, Rule 8, and F.R.C.P. § 1361." ECF No. 1.  Plaintiff alleges as follows in that pleading:  On September 25, 2024, Plaintiff filed a motion with the California Supreme Court, requesting that the California Supreme Court set aside his criminal judgment from Mendocino County Superior Court, release him from custody, and compensate him for serving nine years on an invalid criminal judgment.  The California Supreme Court has not responded to Plaintiff's motion and refuses to set a hearing on this motion.  Plaintiff requests that this Court issue a writ of mandate pursuant to Fed. R. Civ. P. 8 and 28 U.S.C. § 1361, compelling the California Supreme Court to either (1) set a hearing on his motion, or (2) enter default judgment in his favor, declare his criminal conviction null and void, and release him from custody.  *See generally* ECF No. 1.

The Court DISMISSES this action because Plaintiff's writ of mandate seeking to compel the California Supreme Court to take action is frivolous as a matter of law.  Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  *Clark v. State of Wash.*, 366 F.2d 678, 681 (9th Cir. 1966) ("federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . .").  A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (noting that petitioner's actions seeking to require state courts to accept his filings were frivolous as matter of law because federal courts lack jurisdiction to issue writ of mandamus to state court, citing to 28 U.S.C. § 1651); *see also In re Campbell,* 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts

which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation). 28 U.S.C. § 1361 is inapplicable here. 28 U.S.C. § 1361 provides that district courts have original jurisdiction over mandamus actions seeking to compel federal officers, employees, or agencies to take action. 28 U.S.C. § 1361. The California Supreme Court is not a federal entity or agency. The dismissal of this action is with prejudice because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action with prejudice. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall deny all pending motions as moot, and close the file.

**IT IS SO ORDERED.**

Dated: January 8, 2025



JON S. TIGAR
United States District Judge

3